JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 20 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 440

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE INTERNATIONAL SYSTEMS & CONTROLS CORPORATION SECURITIES LITIGATION

TRANSFER ORDER

    Presently before the Panel is a motion, pursuant to 28 U.S.C §1407, brought by International Systems and Controls Corporation (ISC), certain of ISC's present and/or former officers and directors, and a corporation controlled by certain of ISC's former officers and directors, for centralization in the Southern District of Texas of five actions, listed on the attached Schedule A, for coordinated or consolidated pretrial proceedings.

    On the basis of the papers filed and the hearing held, the Panel finds that these five actions involve common questions of fact and that centralization of the actions under Section 1407 in the Southern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1]/ All five actions share complex factual questions concerning allegations of 1) illegal foreign payments made by ISC and/or its subsidiaries, and 2) improper accounting procedures used to conceal the foreign payments and other transactions which were damaging to ISC and/or its shareholders. Centralization under Section 1407 is necessary in order to prevent duplication of discovery, prevent inconsistent pretrial rulings, and preserve the resources of the parties, their counsel and the judiciary.

---

[1]/ An individual who is a defendant in four of the five actions has filed in the Southern District of Texas a petition for voluntary bankruptcy. Some parties have suggested that the automatic stay of proceedings against a debtor provided for in 11 U.S.C. §362 prevents the Panel from acting on the motion for transfer until the stay is vacated or modified by the bankruptcy court. We disagree. Centralization of these actions under Section 1407 in no way affects the operation of the stay brought about by 11 U.S.C. §362. We are simply indicating the place where the pretrial proceedings in these actions will occur. The question of the effect of the bankruptcy stay and any modification thereof is entirely a problem to be worked out by the transferee court, the bankruptcy court and the parties. A Section 1407 transfer will produce the salutary consequence of having a single judge coordinate these actions with the bankruptcy proceedings and thereby eliminate the possibility of inconsistent rulings. See also In re Franklin National Bank Securities Litigation, 393 F. Supp. 1093, 1095 (J.P.M.L. 1975).

Although we are of the view that either the Southern District of New York or the Southern District of Texas could be described as an appropriate transferee forum for this litigation, on balance we conclude that the Southern District of Texas is preferable. ISC's corporate headquarters and remaining company personnel are located in Houston and thus many documents and witnesses can be expected to be found there. We also note that three of the five actions are already pending there. Finally, we observe that the opportunity for coordination between the transferee judge and the bankruptcy judge involved in this litigation[2/] will be enhanced if both judges sit in the same district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in the Southern District of New York be, and the same hereby are, transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Norman W. Black for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:*

*signature*

Andrew A. Caffrey
Chairman

---

2/   See footnote 1, *supra*.

\*   Judge Roy W. Harper dissents from this decision of the Panel.

SCHEDULE A

SOUTHERN DISTRICT OF NEW YORK

Benjamin Koenig v. J. T. Kenneally, et al.,
C.A. No. 79 Civ 0487

Murray Traub, et al. v. J. T. Kenneally, et al.,
C.A. No. 79 Civ 1500

SOUTHERN DISTRICT OF TEXAS

Harry Lewis v. J. T. Kenneally, et al.,
C.A. No. H-80-1324

Todd E. Semon v. International Systems & Controls Corp., et al.,
C.A. No. H-79-2057

Harry Lewis v. J. T. Kenneally, et al.,
C.A. No. H-78-777